UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREGORY ALBERT DARST,

    Plaintiff,

v.                                       CASE NO. 8:13-CV-2131-T-17TGW

THOMAS McCOUN, III,
et al.,

    Defendants.

_____/

ORDER

This cause is before the Court on <u>sua sponte</u>. On August 16, 2013, Plaintiff Gregory Albert Darst filed the Complaint for declaratory and injunctive relief, and for damages resulting from a conspiracy to engage in a pattern of ongoing racketeering activities by all named and unnamed Defendants. Plaintiff Darst states that the Court's jurisdiction is based on 5 U.S.C. Sec. 552(a)(4)(B) of the Freedom of Information Act ("FOIA"), and 18 U.S.C. Sec. 1964.

In the Complaint, Plaintiff Darst names the following Defendants:

    Thomas B. McCoun, III, United States Magistrate Judge
    Sheryl L. Loesch, Clerk of Court
    Robert O'Neill, U.S. Attorney
    Matthew J. Mueller, AUSA
    Robert A. Mosakowski, AUSA
    A. Lee Bentley, III, AUSA
    Does 1 through 20

The Court notes that Plaintiff Darst propounded a "Freedom of Information Act Request" (Dkt. 1-1) to the Clerk's Office to produce OPM SF-161s for Thomas B. McCoun, III, and Sheryl L. Loesch, as well as all Deputy Clerks in Tampa, Florida. Pursuant to 5 U.S.C.

Case No. 8:13-CV-2131-T-17TGW

Sec. 552, each "agency" must make agency rules, opinions, orders, records and proceedings available as set out in the statute. Pursuant to 5 U.S.C. Sec. 551(1)(B), "agency" does not include the courts of the United States. Neither the United States District Court for the Middle District of Florida or the Administrative Office of United States Courts is an "executive department" or other agency of the executive branch of the Government. Both are units of the judicial branch. This means that Thomas B. McCoun, III, United States Magistrate Judge, and Sheryl L. Loesch, Clerk of Court, are not subject to Plaintiff's FOIA request.

The Court notes that one of the executive departments of the Government is the Department of Justice. See 5 U.S.C. Sec. 101. The executive branch, specifically the Attorney General, has the power to conduct federal criminal litigation. 28 U.S.C. Sec. 516. The Attorney General may appoint assistant United States Attorneys in any district in which they reside (28 U.S.C. Secs. 542, 545) or appoint special attorneys to assist United States Attorneys when the public interest so requires. (28 U.S.C. Secs. 542, 543). Under the Attorney General's supervision, the United States Attorney has the duty to prosecute all offense against the United States within his district. 28 U.S.C. Sec. 547. All functions of the Department of Justice, with limited exceptions, are vested in the Attorney General (28 U.S.C. Sec. 509), and the Attorney General may delegate as he considers appropriate any function of the Attorney General to another officer (28 U.S.C. Sec. 510).

The Court understands Plaintiff's Complaint to challenge the authority of the United States Attorney and assistant United States Attorneys in Tampa, Florida to prosecute Plaintiff Darst because Defendants have not responded to Plaintiff's FOIA request. Plaintiff Darst has indicated an intent to seek damages pursuant to 18 U.S.C. Sec. 1964 caused by a RICO conspiracy; the factual basis for this theory is unclear.

The pending Complaint will require amendment. After consideration, the Court

Case No. 8:13-CV-2131-T-17TGW

stays this case until further Order of this Court.  The Court will enter a separate Order directing pro se Plaintiff Darst further.  The Court reminds Plaintiff Darst that Plaintiff is subject to the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida.  Accordingly, it is

    **ORDERED** that this case is **stayed until further Order of this Court.**

    **DONE and ORDERED** in Chambers, in Tampa, Florida on this 16th day of September, 2013.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record